## HUGHES v. SMITH.

(Supreme Court, Appellate Term. April 16, 1900.)

CONTRACT OF EMPLOYMENT.

> Plaintiff entered into a written contract with a corporation, to do certain work for it, as his employer. The organization of the corporation was genuine, and it had transacted business with others than plaintiff. The corporation had agreed with defendant to do certain work, and to procure labor therefor, and plaintiff was employed to that end. He had no reason to suppose that defendant was his employer, rather than the corporation; defendant not having misled him in any way. *Held*, that plaintiff could not recover wages of defendant for labor performed under his contract with the corporation.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Joseph Hughes against Augustus Smith to recover wages earned under a contract with Augustus Smith & Co., a corporation. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Donnell & Smith (L. Laflin Kellogg, of counsel), for appellant.
Alden & Carpenter (Carlos C. Alden, of counsel), for respondent.

BEEKMAN, P. J. The plaintiff has no cause of action against the defendant. He was not employed by the latter, but by the corporation, Augustus Smith & Co. The contract of employment, which was in writing, expressly names Augustus Smith & Co. as the employer, and is signed in the name of that corporation. There is no evidence to show that the plaintiff was in any way whatsoever misled by the defendant with respect to his employment, nor did he have any reason whatsoever to suppose that he was employed by the latter, rather than by the company with which, in express terms, he had contracted. It was contended by the plaintiff upon the trial that the corporation, although lawfully organized, was really a mere dummy or agent for the defendant in the transaction of certain portions of his business, and that Smith himself was the real party in interest. But the evidence is not sufficient to support such a claim. There was enough in the uncontradicted evidence in the case to show that the organization of the corporation was genuine, and that it had transacted business with others than the defendant in this action. With respect to the particular work upon which the plaintiff was employed, the corporation was under an agreement with Smith which required it to perform a certain portion of such work, and to furnish the labor therefor. This it undertook to do, and to that end employed workmen, of whom the plaintiff was one. As we have seen, the plaintiff, in terms, contracted with the company, by an instrument in writing executed by him under seal, and naming Augustus Smith & Co. as the employer. Here, then, was a perfectly plain agreement, intelligently entered into by the plaintiff; and it is difficult to perceive upon what theory he can reasonably assert a claim for wages against the defendant for work which he has agreed to do for another, and for which the latter has

agreed to pay. Even assuming that in the case of a contract under seal, such as this, the defendant might be held liable if it were shown that he was an undisclosed principal, the corporation being merely his agent, the proofs do not warrant the conclusion that the relations between the defendant and the corporation were of such a character.

There was also raised in this case a question with respect to the constitutionality and construction of certain sections of the labor law which purport to regulate the rate of wages to be paid to laborers upon any public work. The discussion of this question on the part of the counsel for the appellant is able and interesting, but, in view of the fact that the question is material only upon the assumption that the contractual relation existed between the plaintiff and the defendant, what we might say upon the subject would be purely obiter, inasmuch as we have concluded that the plaintiff was in no sense an employé of the defendant.

For the reasons above stated, the judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.